IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

YESHIVA GEDOLA NA'OS YAAKOV, INC.,
a New Jersey nonprofit corporation, and
ZEBRA HOLDINGS II LLC,

    Plaintiffs,

vs.

TOWNSHIP OF OCEAN, N.J. and ZONING
BOARD OF ADJUSTMENT OF THE
TOWNSHIP OF OCEAN,

    Defendants.

Civil No. 3:16-00096 (FLW) (DEA)

**DECLARATION OF
ANDREW W. JANIW, P.P., AICP**

ANDREW W. JANIW, under penalty of perjury under the laws of the United States of America, does hereby declare and certify pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am a Professional Planner and principal of Beacon Planning and Consulting Services, LLC, located in Colts Neck, New Jersey.

2. I have been retained by Zebra Holdings II LLC for the purpose of assisting the Yeshiva Gedola Na'os Yaakov in obtaining land use entitlements in order to use property located at 1515 Logan Road in Ocean Township for a *yeshiva gedola*.

3. I am familiar with the zoning code of Ocean Township.

4. A *yeshiva gedola*, which is a Jewish religious boarding school for students between 18 and 22 years of age, is not permitted anywhere within Ocean Township.

5. Furthermore, boarding of students over 18 years of age is not permitted anywhere within Ocean Township.

6. Therefore, the Yeshiva was required to apply for a use variance to use 1515 Logan Road for its *yeshiva gedola*.

7. Prior to filing an application for a use variance, on January 14, 2014, I met with Ocean Township's Director of Community Development and its Township Manager to discuss the proposed use, along with the Yeshiva's attorney and project sponsor.

8. The purpose of this meeting was to determine Township management's opinion about a yeshiva with boarding that would include post-high school students in this location.

9. While the final details of the application had not been determined at that point, we informed the Township representatives at the January 14, 2014 meeting that it would include students that were over eighteen years of age.

10. The Township Manager and Director of Community Development had a cooperative demeanor and discussed: the historic operation of the property as a school, including a boarding school; testimony that would be appropriate to present; and outlined the necessary administrative steps for the application to proceed.

11. The Township Manager and Director of Community Development did not suggest that the site was inappropriate for such use, or that land use entitlements required in order to use the property as a *yeshiva gedola* would not be able to be obtained.

Executed on February 2, 2016

_____
Andrew W. Janiw, P.P., AICP