UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YESHIVA GEDOLA NA'OS YAAKOV, INC.**, a New Jersey nonprofit corporation, and, **ZEBRA HOLDINGS II LLC**, a New Jersey Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>**TOWNSHIP OF OCEAN, N.J.** and **ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF OCEAN**<br><br>Defendants. | Civ. Action No.: 16-96 (FLW) (DEA)<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court by Ronald D. Coleman, Esq., attorney for Agudath Israel of America ("Agudath") on a Motion for Leave to Appear Amicus Curiae in Support of Plaintiffs' Motion for a Preliminary Injunction; it appearing that Defendants Township of Ocean, N.J. and Zoning Board of Adjustment of The Township of Ocean (collectively, "Defendants") through their attorney, Howard B. Mankoff, Esq., oppose the Motion; it appearing that "[d]istrict courts have the inherent authority to appoint amicus curiae to assist in their proceedings" and that "[t]he extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court," *Prof'l Drug Co. v. Wyeth Inc*., Civ. No. 11-5479 (JAP), 2012 U.S. Dist. LEXIS 147607, at *4 (D.N.J. Oct. 2, 2012); it appearing that there is no rule in the district court governing the appearance of an amicus curiae, and consequently, district courts have been guided by the Third Circuit's application of Fed. R. App. P. 29, which governs the appearance of amici in the circuit courts, *id.* at *4-5 (citing *U.S. v. Alkaabi*, 223 F.Supp.2d 583, 592 (D.N.J. 2002); it appearing, however, that

"[a]t the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level," *Alkaabi*, 223 F.Supp.2d at 592 n 16; it appearing that a motion to participate amicus curiae is generally granted when: "(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case," *Prof'l Drug Co.*, Civ. No. 11-5479, 2012 U.S. Dist. LEXIS 147607, at *5 (citing *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)); it appearing that Agudath represents that it is a nonprofit grassroots Orthodox Jewish organization, which advocates on behalf of the Orthodox Jewish community in the United States, including numerous Orthodox Jewish day schools, rabbinical colleges, and post-secondary Talmudic academies across the country; it appearing, therefore, that Agudath asserts it has a special interest in this matter because it involves the denial of Plaintiffs Yeshiva Gedola Na'os Yaakov, Inc. (the "Yeshiva") and Zebra Holdings II LLC ("Zebra") (collectively, "Plaintiffs") application for a zoning variance to construct an Orthodox Jewish religious post-secondary boarding school, allegedly in violation of Plaintiffs' rights to free exercise and equal protection under the First and Fourteenth Amendments of the United States Constitution, the Religious Land Use and Institutionalized Persons Act of 2000, the Fair Housing Act, the New Jersey Law Against Discrimination, and New Jersey common law; it appearing that Agudath asserts that its interests are not competently represented in this case, because "the Yeshiva's particular interest in securing a use variance for this particular location may be contrasted with Agudath Israel's broad concern with vindication not only of the Yeshiva's rights but legal rectification of the gross abuse of process described in plaintiffs' papers," Agudath Israel of America's Mem. of Law in Supp. of its Mot. to File an Amicus Br. in Supp. of Pls.' Mot for a

Prelim. Inj. ("Agudath's Supp. Mem.") 3-4; it appearing, however, that Plaintiffs' counsel are fully qualified and have more than adequately addressed the interests of the Orthodox Jewish community, as a whole, that are asserted by Agudath in their proposed briefing; it appearing, moreover, that this Court does not find Agudath's proposed briefing useful, because their arguments are generally repetitive of the arguments already submitted by Plaintiffs; it appearing, furthermore, that Agudath concedes that it is partial to a particular outcome in favor of Plaintiffs, Agudath Supp. Mem. at 4; the Court having reviewed the parties' submissions in connection with this Motion, pursuant to Fed. R. Civ. P. 78, accordingly, and for good cause shown

**IT IS** on this 14th day of July, 2016,

**ORDERED** that Agudath's Motion for Leave to Appear Amicus Curiae is **DENIED**.

/s/     Freda L. Wolfson
Freda L. Wolfson
United State District Judge