```
---------------------------------------------------X
                                          :
YESHIVA GEDOLA NA'OS YAAKOV,              :
INC., a New Jersey nonprofit corporation; :
and ZEBRA HOLDINGS II LLC, a New          :      Civ. No. 3:16-00096 (FLW)(DEA)
Jersey limited liability company,         :
                                          :
                      Plaintiffs,         :          ORDER FOR JUDGMENT
                                          :
v.                                        :
                                          :
TOWNSHIP OF OCEAN, NJ; and                :
ZONING BOARD OF ADJUSTMENT                :
OF THE TOWNSHIP OF OCEAN,                 :
                                          :
                      Defendants.         :
                                          :
---------------------------------------------------X
```

THIS MATTER having been opened to the Court on the Complaint of Plaintiffs Yeshiva Gedola Na'os Yaakov, Inc. (the "Yeshiva") and Zebra Holdings II LLC (collectively, "Plaintiffs"), pursuant to the provisions of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, the Fair Housing Act, 42 U.S.C. § 3604, the Free Exercise Clause of the First Amendment and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, New Jersey common law and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12.5, to use certain real property located at 1515 Logan Road, Ocean Township, New Jersey (the "Property"); and

it appearing that Plaintiffs claim Defendant Township of Ocean's (the "Township") zoning ordinance prohibits religious boarding schools for students over the age of 18 and prohibits boarding schools from housing more than 50 students in the Township's R-4 zoning district; and

it further appearing that Plaintiffs made application to Defendant Zoning Board of Adjustment of the Township ("BOA") (together with the Township, "Defendants") for both a use variance and site plan approval; and

it further appearing that Plaintiffs bifurcated that application during the hearing process, however, they had already presented substantial testimony and plans related to the site plan approval which were reviewed by the Township's professionals; and

it further appearing that the BOA ultimately denied the Plaintiffs' request for a use variance after numerous hearings over many months; and

it further appearing that the parties acknowledge that the Yeshiva adheres to a code of conduct that regulates student behavior at its religious boarding school, that code of conduct was marked into evidence, pursuant to Plaintiffs' application to the BOA, as part of the 2014-2015 catalog and specifically contains prohibitions regarding the use of tobacco, alcohol and drugs, cars, pets, radios, television sets, cell phones, secular newspapers, unfiltered computers with internet access, electronic and electrical utensils in dorm rooms, off-campus gatherings, entertainment or festivities, and any activities that violate the spirit of Shulchan Aruch (Code of Jewish Law), and that Plaintiffs acknowledge that the Yeshiva, and any successor, will continue to enforce the same code of conduct; and

it further appearing that Plaintiffs made application to this Court to reverse the determination of the BOA and challenging the Township's zoning ordinances excluding the Plaintiffs' proposed religious use in the subject zone and seeking to immediately occupy the subject building for use of 96 students boarding at the subject site; and

it further appearing that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 42 U.S.C. § 2000cc-2; and

it further appearing that this Court has personal jurisdiction over the Defendants; and

it further appearing that the Yeshiva's proposed use of the Property will affect interstate commerce; and

it further appearing that venue is proper in this District; and

it further appearing that Plaintiffs have moved for a preliminary injunction in this matter, that Defendant has filed an opposition to this motion, and that the Court held a hearing on the matter on July 21, 2016; and

it further appearing that the parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure; and

the Court having considered the arguments presented and the briefs submitted,

IT IS on this 25th day of August, 2016, ORDERED, ADJUDGED and DECREED as follows:

1.      The determination of the BOA denying Plaintiffs' application is hereby reversed and the Plaintiffs' use is deemed an inherently beneficial use, and the denial of that application is determined to be a violation of RLUIPA.

2.      The Plaintiffs are hereby granted approval to operate the subject property as a religious boarding school for no more than 80 students age 18 through 22, subject to the terms of the minor site plan dated March 23, 2016, and the major site plan dated April 14, 2014 revised through February 24, 2015 and architectural plans revised November 24, 2014, with bulk variances and waivers, as stated in the reports of the Township Planner, James W. Higgins, dated May 13, 2015, and the Planning Board Engineer, William F. Fitzgerald, dated May 15, 2015, and as described herein.

3.      The Yeshiva's use of the Property will be subject to the following conditions:

a.      The number of students permitted at the school shall be limited to 80 boarding students. It is understood that the total number of students at the site is also limited to those 80 students, all of whom will be boarding students. There will be no more than three resident advisors residing on campus.

b.      Students shall not be permitted to bring vehicles to the Property, or the vicinity, other than on a temporary basis to facilitate moving in or out of the campus.

c.      The current gymnasium shall be used as a study hall and no future use as a gym.

d.      Plaintiffs shall replace the north exterior door with a self-closing alarmed door per the report of William Fitzgerald, referenced above, and keep the study hall windows closed at all times.

4.      Plaintiffs shall submit permit applications for building, plumbing, electrical, fire, ADA compliance, demolition, mechanical, and any other permits deemed necessary for issuance of a certificate of occupancy within seven days of the date of this Order. The Township shall appoint one individual to facilitate the review and issuance of such permit applications, and shall process such permit applications expeditiously. Required inspections and reinspections, as required, shall be performed within seven business days of request.

5.      Plaintiffs shall be permitted to use the Property subject to demolition, building, plumbing, electrical, fire, mechanical, ADA compliance, and any other permits deemed necessary for the issuance of a temporary certificate of occupancy.

6.      Plaintiffs shall move the dumpster to the south side of the building on the Property and take deliveries at the south side of the building at time of occupancy. Plaintiffs shall install a temporary chain across the access to the rear north driveway to make that driveway inaccessible

to vehicles until said driveway is revised per the major site plan. Plaintiffs shall make all improvements as set forth in the minor site plan prior to occupancy.

7.     Plaintiffs shall submit permit applications for major site improvements, not subject to DEP review, within 60 days from occupancy of the Property by way of temporary certificate of occupancy. Those improvements will include all those depicted on the major site plan and architectural plans, together with the exterior improvements and landscaping as shown on the proposed artist rendering of the site (attached hereto). Such improvements will be made within 90 days of issuance of permits, weather permitting, but in no event later than May 30, 2017. These site improvements shall also include the following:

a.     A coating to the windows or a shade that will not reflect light to reduce the light from said windows at the north side of the building after 10 p.m.

b.     Moving the parking row on the south side of the site two feet to the west to eliminate a variance for 10 feet wide landscaped area, subject to NJDEP approval or a letter of exemption.

c.     In addition to the six foot vinyl fence on the north side of the building as set forth on the plans, a brick based wrought iron fence may be installed, at the discretion of the Township Planner, at the east side of the site, which shall be four feet to five feet in height and subject to the review and approval of the Township Planner. The remaining chain link fence on the south and west sides will remain and be repaired where necessary.

8.     Plaintiffs shall make application to the DEP, as required, within 45 days of the date of this Order. Plaintiffs shall make improvements that are subject to DEP approval within nine months of securing the non-appealable decision of the DEP.

9.      Plaintiffs' claims for damages and attorney's fees, if any, are referred to mediation, which shall commence within 60 days of the date of this Order. If mediation is unsuccessful, the parties shall return to this Court for resolution of Plaintiffs' claims for damages and attorney's fees.

10.     The Court shall retain jurisdiction over this action to enforce the terms of this Order and resolve any disputes arising under this Order, until (a) the Plaintiffs receive a final non-appealable certificate of occupancy for the Yeshiva's permanent use of the Property, and (b) resolution of the Plaintiffs' claims for damages and attorney's fees, after which time the case shall be dismissed against all Defendants with prejudice.

11.     This case shall be marked administratively terminated pending the outcome of the parties' mediation. The parties may move to re-list the case if appropriate.


/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

